UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

WENDELL STANISLAUS REYNOLDS,

                    Plaintiff,        **MEMORANDUM & ORDER**
                                           18-CV-2771(EK)(RML)

        -against-

NYPD OFFICER JULIA NAZIM, Shield
#16203 et al.,

                    Defendants.

------------------------------------x

ERIC KOMITEE, United States District Judge:

        Plaintiff filed this case *pro se*, claiming that various New York City employees violated his constitutional rights when he was arrested and detained in 2018.  New York Police Officer Julia Nazim, the only defendant to be served, now moves for dismissal, arguing that this case is precluded by a general release of claims that Plaintiff signed with the City in 2019.  In order to consider the general release, I converted Nazim's motion for judgment on the pleadings to one for summary judgment.  For the following reasons, Nazim's motion is granted.

## I.   Background

**A.   The Complaint**

        The complaint alleges the following facts.  On the morning of January 24, 2018, Plaintiff was driving in Brooklyn when Officer Nazim pulled him over.  Complaint at 5.  For

1

reasons not stated in the complaint, the NYPD's Emergency Service Unit "was called to the scene," following which they proceeded to "break [Plaintiff's car] windows with a crowbar" and "assault" him.  *Id.* at 6.  Plaintiff was then "forced into detention"; it is not apparent for how long.  *Id.*

Plaintiff alleges that two days later, parole officers asked him "to report to their office to give a statement," but they had "deceived" him and took him "into custody" instead. *Id.*  The following month, NYPD officers including Nazim "teamed together with" a "hearing officer" to "keep [Plaintiff] unlawfully detained by finding probable cause."  *Id.*  A judge then "threatened" Plaintiff with "18 months of prison time" and "ke[pt]" him "under arrest."  *Id.*  Plaintiff also claims that he suffered injuries while on "D.O.C. [Department of Corrections] premises," *id.*, but provides no further detail, including when or how those injuries occurred.  *Id.* at 5.

Plaintiff filed this action on May 7, 2018, alleging excessive force, false arrest, and malicious prosecution under 42 U.S.C. § 1983.

**B.      The General Release**

The only defendant to be served was Officer Nazim, who moved for judgment on the pleadings under Fed. R. Civ. P. 12(c). Defendant Nazim contends that in 2019, Plaintiff settled a suit that he had filed in New York Supreme Court against the City of

New York and the New York City Department of Corrections.  As

part of that settlement, Plaintiff signed a "General Release" of

claims on April 9, 2019, in which he agreed to:

> hereby release and forever discharge the City of New
> York, and all past and present officers, directors,
> managers, administrators, employees, agents, assignees,
> lessees, and representatives of the City of New York,
> and all other individually named defendants and entities
> represented and/or indemnified by the City of New York
> . . . from any and all state and federal tort claims,
> causes of action, suits, occurrences, and damages,
> whatsoever, known or unknown, including but not limited
> to state and federal civil rights claims, actions, and
> damages, which Releasor had, now has, or hereafter can,
> shall, or may have . . . that occurred through the date
> of this release [April 9, 2019].

General Release at 1, ECF No. 28-3.  The General Release has an

"exclusions" section to carve out matters to which the release

"does not apply."  *Id.*  It includes a space to write in a "case

name/court venue/index no. or docket no." as well as a space for

"unfiled claims."  This entire section, however, was left blank.

Defendant argues that the General Release is an enforceable

contract that precludes this action.

Defendant attached the General Release as an exhibit

to her Rule 12(c) motion and served a Rule 12.1 notice on

Plaintiff.  The Rule 12.1 notice stated that the 12(c) motion

was supported by matters outside of the pleadings and that the

Court may convert the motion to one for summary judgment.  On

December 18, 2020, the Court converted Defendant's motion to one

for summary judgment pursuant to Rule 12(d).  The Court gave

Plaintiff an opportunity to submit briefing or an affidavit to argue that the General Release does not apply, or any other documentation or evidence he believes raises an issue of fact with respect to this question.  Plaintiff did not respond to the substance of the motion by the date ordered (or at all). Instead, he submitted various documents after the deadline, none of which address the issue of the General Release.  These include a "Secured Party Declaration and Notice," in which Plaintiff declares himself a "sovereign citizen"; a document titled "Conditional Acceptance for Value"; a motion for default judgment against defendant Nazim (which says nothing about the release); and a "price list" that appears to itemize various types of claims and their corresponding "prices" for settlement purposes.  *See* ECF Nos. 40-44.

## II.  Discussion

A release agreement is a contract, and is construed according to general principles of contract law.  *Collins v. Harrison-Bode*, 303 F.3d 429, 433 (2d Cir. 2002).  Under New York law, "a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms."  *Orakwue v. City of New York*, No. 11-CV-6183, 2013 WL 5407211, at *7 (E.D.N.Y. Sept. 25, 2013). Contract language is unambiguous on its face "if it has a definite and precise meaning, unattended by danger of

4

misconception in the purport of the contract itself, and concerning which there is no reasonable basis for a difference of opinion." *JA Apparel Corp. v. Abboud*, 568 F.3d 390, 396 (2d Cir. 2009) (internal quotations omitted).  These are issues of law that may be resolved by the Court on summary judgment.  *Omni Quartz, Ltd. v. CVS Corp.*, 287 F.3d 61, 64 (2d Cir. 2002).

Here, the release provision itself is unambiguous. Plaintiff agreed to release the City of New York and "all past and present officers, directors, managers, administrators, employees . . . from any and all state and federal tort claims, causes of action, suits, occurrences, and damages, whatsoever, known or unknown" that he "had" or "now has," and "that occurred through the date of this release" — April 9, 2019.  Courts in this Circuit have consistently found similar language in a release to be unambiguous.  *E.g.*, *Staples v. Officer Acolatza*, No. 14-CV-3922, 2016 WL 4533560, at *3 (S.D.N.Y. Mar. 9, 2016) (collecting cases).  That conclusion applies here as well.

The Court must next consider whether the instant case falls within the scope of the General Release.  The release covers Officer Nazim because, as a New York City Police Officer, she was and is an "officer" and "employee" of the City of New York.  In addition, the release covers "any and all . . . state and federal civil rights claims, actions, and damages."  This action concerns claims for excessive force, false arrest, and

5

malicious prosecution brought under Section 1983, a federal
statute governing the deprivation of civil rights.   *See also
Waters v. Douglas*, No. 12-CV-1910, 2012 WL 5834919, at *3
(S.D.N.Y. Nov. 14, 2012) (noting "[g]eneral releases are
enforceable as to civil rights claims").

   "Words of general release are clearly operative not
only as to all controversies and causes of action between the
releasor and releasees which had, by that time, actually ripened
into litigation, but to all such issues which might then have
been adjudicated as a result of pre-existent controversies."
*Tromp v. City of New York*, 465 F. App'x 50, 52 (2d Cir. 2012)
(summary order) (quoting *A.A. Truck Renting Corp. v. Navistar,
Inc.*, 81 A.D.3d 674 (2d Dep't 2011)).   Here, the General Release
barred claims that "occurred through the date of this release"
(again, April 9, 2019).   Not only did the incidents at issue
here occur prior to then, but Plaintiff filed this action in May
of 2018, almost a year before signing the release.   Plaintiff
therefore knew of the instant action when he signed the release,
but failed to carve it out from the release's scope despite the
form's explicit invitation to do so.

   The Court notes that Plaintiff appears to have
handwritten the words "without prejudice" next to his signature.
In his submissions in response to the summary judgment motion,

he does not explain what this phrase was intended to mean, or make any argument at all based on this language.

Mr. Reynolds has signed other documents in this case by either noting "without prejudice" or including a citation to former Section 1-207 (now Section 1-308) of the Uniform Commercial Code.  *See* ECF No. 40 at 8 ("Conditional Acceptance for Value"); ECF No. 42 at 3 ("Notice of Default"); ECF No. 44 at 9 ("Secured Party Declaration and Notice").[1]  The phrase "without prejudice" is generally invoked to permit a party "involved in a [Uniform Commercial] Code-covered transaction to accept whatever he can get by way of payment, performance, etc., without losing his rights to demand the remainder of the goods, to set-off a failure to quality, or to sue for the balance of the payment, so long as he explicitly reserves his rights." *Kroulee Corp. v. A. Klein & Co.*, 103 Misc. 2d 441, 442 (N.Y. Sup. Ct. 1980); *see also* U.C.C. § 1-308.  Mr. Reynolds may have intended to preserve certain legal rights related to challenging the settlement or General Release in the future; however, he

---

[1] Other judges have noted the practice of "sovereign citizen" plaintiffs signing a document "without prejudice."  *See, e.g.*, *Bank of Am. Nat. Ass'n v. Derisme*, 743 F. Supp. 2d 93, 96 (D. Conn. 2010); *Shifflette v. Anzalone*, No. 18-CV-2074, 2020 WL 673477, at *2 (D. Md. Feb. 11, 2020); *Bland v. Badger*, No. 19-CV-00702, 2020 WL 508874, at *5 (E.D. Cal. Jan. 31, 2020), *report and recommendation adopted*, 2020 WL 4193518 (E.D. Cal. July 21, 2020); *Stanley v. Comm'r of Internal Revenue*, No. 15-CV-533, 2016 WL 3982475, at *1 (N.D. Okla. July 22, 2016); *Heard v. Crosby*, No. 04-CV-212, 2005 WL 8178507, at *10 (N.D. Fla. Feb. 16, 2005), report and recommendation adopted, 2005 WL 8178506 (N.D. Fla. Mar. 1, 2005); *Knight v. United States*, No. 08-CR-0415, 2014 WL 98888, at *1 (N.D. Ala. Jan. 9, 2014).

does not invoke this notation to challenge them here, and the
phrase does not alter the unambiguous meaning of the release
provision.  Plaintiff, in fact, makes no argument of any kind in
response to Defendant's motion.  In addition, the settlement
documents submitted by Defendant show that the case Mr. Reynolds
settled with the City in 2019 was dismissed "with prejudice,"
and that the stipulation of settlement, which Reynolds' counsel
executed, required Reynolds to sign a general release of claims.
ECF No. 39-1 at 3, 5.  Reynolds' use of "without prejudice" in
the signature block, therefore, does not impact the General
Release's effect in this action.  *See Bland v. Badger*, No. 19-
CV-00702, 2020 WL 508874, at *5 (E.D. Cal. Jan. 31, 2020)
(finding the parties intended a settlement agreement to result
in dismissal with prejudice, despite Plaintiff placing "without
prejudice" above his signature, and recommending that the
settlement agreement be enforced), *report and recommendation
adopted*, 2020 WL 4193518 (E.D. Cal. July 21, 2020).

　　　　Accordingly, for the foregoing reasons, Defendant's
motion is granted.

### III. Remaining Defendants

　　　　Plaintiff has not served the remaining defendants in
this case:  Parole Officer Vicky Urena, "Supervisor P.O." John
S. Kissel, Parole Hearing Officer Jefferson, and Parole
Specialist Kallinikos.  Although these defendants have not

appeared, and therefore have not moved to dismiss, it appears clear that the General Release bars this action as to them as well as "employees" and "officers" of New York City, for the same reasons discussed above.  Therefore, the Court orders the Plaintiff to show cause why the claims against the remaining defendants should not be dismissed *sua sponte* for failure to state a claim.  *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) ("[A] district court has the power to dismiss a complaint *sua sponte* for failure to state a claim on which relief can be granted" as long as the court gives "the plaintiff an opportunity to be heard.").  Plaintiff may file a letter with the Court with any objection to the dismissal of these defendants within twenty-one days of this Order; otherwise this case will be dismissed in its entirety.

## IV.  Conclusion

Officer Julia Nazim's motion for summary judgment is granted.  Plaintiff is ordered to show cause within twenty-one days from the date of this Order why the remaining defendants should not be dismissed with prejudice for the reasons discussed above.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore denies *in forma pauperis status* for the purpose of an

appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45

(1962).


      SO ORDERED.

                    /s Eric Komitee
                    ERIC KOMITEE
                    United States District Judge


Dated:     March 12, 2021
           Brooklyn, New York